**Opinion filed November 6, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00200-CR
_____

## MASON DEWAYNE MIRES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 31055-A**

## M E M O R A N D U M   O P I N I O N

Appellant, Mason Dewayne Mires, entered an open plea of guilty to the state jail felony offense of fraudulent possession of identifying information. *See* TEX. PENAL CODE ANN. § 32.51(b), (c)(1) (West Supp. 2024). On January 31, 2025, the trial court sentenced Appellant to confinement for twenty-four months in the State Jail Division of the Texas Department of Criminal Justice. Following Appellant's application, the trial court appointed appellate counsel on July 21, 2025, who filed a notice of appeal on the same day. We dismiss the appeal.

When this appeal was docketed, we notified Appellant by letter that his notice of appeal appeared to be untimely filed and that the appeal was subject to dismissal.

*See* TEX. R. APP. P. 26.2(a).  In our letter, we requested that Appellant respond and show grounds to continue the appeal.  In his response, Appellant concedes that the notice of appeal was untimely filed, which will result in the dismissal of the appeal, and informs us that he is seeking an out-of-time appeal with the Court of Criminal Appeals.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2024); *Ater v. Eighth Ct. of Appeals*, 802 S.W. 2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

Pursuant to the Texas Rules of Appellate Procedure, a notice of appeal must be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court.  TEX. R. APP. P. 26.2(a).  While it appears that Appellant's appellate counsel filed the notice of appeal as soon as practicable, the notice of appeal was filed 171 days after the trial court sentenced Appellant in open court.  We lack authority to extend the time for perfecting the appeal.  As a result, we have no discretion in this matter, and we must dismiss this appeal.  *Hernandez v. State*, No. PD-0836-24, 2025 WL 2713312, at *1, *3 (Tex. Crim. App. Sept. 24, 2025); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

We dismiss this appeal for want of jurisdiction.


W. BRUCE WILLIAMS

JUSTICE

November 6, 2025

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.